UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO TRUJILLO CRUZ,<br><br>    Plaintiff,<br><br>  vs.<br><br>SAVOIE, et al.,<br><br>    Defendants. | 1:21-cv-01552-GSA-PC<br><br>**ORDER FOR CLERK TO RANDOMLY ASSIGN A UNITED STATES DISTRICT JUDGE TO THIS CASE**<br><br>**AND**<br><br>**FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS BE DENIED UNDER 28 U.S.C. § 1915(g), AND THAT PLAINTIFF BE REQUIRED TO PAY THE $402.00 FILING FEE WITHIN THIRTY DAYS**<br><br>**(ECF No. 2.)**<br><br>**OBJECTIONS, IF ANY, DUE IN 14 DAYS** |

## I.     BACKGROUND

Guillermo Trujillo Cruz ("Plaintiff") is a state prisoner proceeding *pro se* with this civil rights action pursuant to 42 U.S.C. § 1983.  On October 21, 2021, Plaintiff filed the Complaint commencing this action, together with a motion to proceed *in forma pauperis* pursuant to 28 U.S.C § 1915(g).  (ECF Nos. 1, 2.)  Plaintiff names as defendants Correctional Officer (C/O S. Savoie and Lieutenant J. Ostrander ("Defendants").

## II. THREE-STRIKES PROVISION OF 28 U.S.C. § 1915(g)

28 U.S.C. § 1915 governs proceedings *in forma pauperis*. Section 1915(g) provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

"This subdivision is commonly known as the 'three strikes' provision." Andrews v. King, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005) (hereafter "Andrews"). "Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP." Id.; see also Andrews v. Cervantes, 493 F.3d 1047, 1052 (9th Cir. 2007) (hereafter "Cervantes") (under the PLRA,[1] "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three strikes rule[.]"). The objective of the PLRA is to further "the congressional goal of reducing frivolous prisoner litigation in federal court." Tierney v. Kupers, 128 F.3d 1310, 1312 (9th Cir. 1997).

"Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or failed to state a claim," Andrews, 398 F.3d at 1116 n.1 (internal quotations omitted), "even if the district court styles such dismissal as a denial of the prisoner's application to file the action without prepayment of the full filing fee," O'Neal v. Price, 531 F.3d 1146, 1153 (9th Cir. 2008). Once a prisoner has accumulated three strikes, he is prohibited by section 1915(g) from pursuing any other IFP action in federal court unless he can show he is facing "imminent danger of serious physical injury." See 28 U.S.C. § 1915(g); Cervantes, 493 F.3d at 1051-52 (noting § 1915(g)'s exception for IFP complaints which "make[] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing").

///

---

[1] Prisoner Litigation Reform Act, 42 U.S.C. § 1997e.

While the PLRA does not require a prisoner to declare that § 1915(g) does not bar his request to proceed IFP, <u>Andrews</u>, 398 F.3d at 1119, "[i]n some instances, the district court docket records may be sufficient to show that a prior dismissal satisfies at least one of the criteria under § 1915(g) and therefore counts as a strike." <u>Id.</u> at 1120.  When applying 28 U.S.C. § 1915(g), however, the court must "conduct a careful evaluation of the order dismissing an action, and other relevant information," before determining that the action "was dismissed because it was frivolous, malicious or failed to state a claim," since "not all unsuccessful cases qualify as a strike under § 1915(g)." <u>Id.</u> at 1121.

### III.  ANALYSIS

A review of the actions filed by Plaintiff reveals that Plaintiff is subject to 28 U.S.C. § 1915(g) and is precluded from proceeding *in forma pauperis* unless Plaintiff was, at the time the Complaint was filed, under imminent danger of serious physical injury.  Plaintiff has filed numerous unsuccessful cases in the Eastern District of California under the names "Guillermo Trujillo Cruz," "Guillermo Cruz Trujillo," and "Guillermo Trujillo."  Court records reflect that on at least three prior occasions Plaintiff has brought actions while incarcerated that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted.  The Court takes judicial notice of the following cases:

(1) <u>Cruz v. Ruiz</u>, No. 1:14-cv-00975-SAB (PC) (E.D. Cal.) (dismissed for failure to state a claim on January 6, 2016);

(2) <u>Trujillo v. Sherman</u>, No. 1:14-cv-01401-BAM (PC) (E.D. Cal.) (dismissed for failure to state a claim on April 24, 2015);

(3) <u>Cruz v. Gomez</u>, No. 1:15-cv-00859-EPG (PC) (E.D. Cal.) (dismissed for failure to state a claim on February 3, 2017); and

(4) <u>Cruz v. Maldonado</u>, No. 1:18-cv-00696-LJO-JLT (PC) (E.D. Cal.) (dismissed for failure to state a claim on September 18, 2019).

The court has examined the orders dismissing the four cases cited above and finds that each of the cases was dismissed for failure to state a claim, and the district court's decisions were upheld on appeal at the Ninth Circuit Court of Appeals.

The availability of the imminent danger exception turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time. See Cervantes, 493 F.3d at 1053. "[A]ssertions of imminent danger of less obviously injurious practices may be rejected as overly speculative or fanciful." Id. at 1057 n.11. Imminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical. To meet his burden under § 1915(g), an inmate must provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003). "Vague and utterly conclusory assertions" of harm are insufficient. White v. Colorado, 157 F.3d 1226, 1231–32 (10th Cir. 1998). That is, the "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate." Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002).

Plaintiff has not satisfied the imminent danger exception to § 1915 by showing that he was under a real, present threat at the time he filed this case. Plaintiff's allegations do not suggest he "faced 'imminent danger of serious physical injury' at the time of filing." Cervantes, 493 F.3d at 1055 (quoting 28 U.S.C. § 1915(g)).

Plaintiff alleges in the Complaint that on November 14, 2020 at North Kern State Prison, he was battered from behind with manufactured weapons on the facility's recreational yard. (Comp., ECF No. 1 at 4:25 – 5:3.)   He contends that the battery occurred because on April 27, 2016, Defendant Correctional Officer (C/O) S. Savoie authored a Rules Violation Report (RVR) against Plaintiff falsely accusing him of a sex crime which triggered assaults on Plaintiff. Plaintiff claims that Defendant Savoie authored the false RVR because Plaintiff had reported sexual harassment by Defendant Savoie. Plaintiff alleges that three earlier assaults against him were also triggered by Defendant Savoie's false RVR: one on August 11, 2016 at High Desert State Prison, one on August 29, 2018 at Kern Valley State Prison, and one on June 27, 2019 at Kern Valley State Prison.

Plaintiff claims that Defendant Ostrander's finding of guilt against Plaintiff on the April 27, 2016 RVR was also a big factor in the assaults against Plaintiff because Defendant Ostrander

knew that the guilty finding would make Plaintiff vulnerable "prey" for assaults by others, and neither of the Defendants has made a good faith effort to expunge the RVR from Plaintiff's central file, which constitutes failure to protect him from physical harm. (ECF No. 1 at 5:28.)

Plaintiff alleges that when a Southern Hispanic inmate in the general population who is falsely accused of a sex crime he is considered "no good" and can easily be a target of an assault by the Southern Hispanic race at any institution where he might be confined.. (Id. at 6:10-13). Plaintiff alleges that both Defendants Savoie and Ostrander have pursued and beaten him.

Plaintiff also alleges that excessive force was used against him on September 22, 2012, at Pelican Bay State Prison during an ongoing pattern of physical punishment; that on February 3, 2021 at Kern Valley State Prison he was threatened with physical punishment by Defendants Savoie and Ostrander; and on April 11, 2021, he was battered by M. Gonzalez.

These allegations fail to meet § 1915(g)'s exception for imminent danger. See Cervantes, 493 F.3d at 1055-56 (plaintiff must allege to face a real, proximate and/or ongoing danger at the time of filing); Prophet v. Clark, No. CV 1-08-00982-FJM, 2009 WL 1765197, at *1 (E.D. Cal. June 22, 2009) (finding prisoner's access to the courts, interference with legal mail, and retaliation claims insufficient to satisfy § 1915(g) exception for cases of "imminent danger of serious physical injury"). Plaintiff has not alleged facts showing that he faced a real present threat of serious physical injury at the time he filed his Complaint on October 21, 2021. Plaintiff's assertions that he has been assaulted and threatened with physical harm at more than one facility by Southern Hispanic inmates because he was falsely accused of a sex crime[2] is not supported by facts. Moreover, the RVR is dated April 27, 2016, whereas the assaults Plaintiff complains of were allegedly committed on August 11, 2016, August 29, 2018 and June 27, 2019. Except for possibly of the assault of August 11, 2016, these assaults are too attenuated to demonstrate a nexus to the fact and date of the RVR, and in turn they are far too conjectural to demonstrate the Plaintiff at the time he filed this complaint was in imminent danger of future

---

[2] Plaintiff was accused in an RVR by Defendant Savoie of overfamiliarity because on April 27, 2016, he told Savoie as he was leaning against the door wearing only boxer shorts, "You sexually arouse me when I see you." (Exhibit to Complaint, ECF No. 1 at 44-45.)

assaults.  Likewise, the allegations that Plaintiff was battered from behind on Nov. 14, 2020, threatened on Feb. 3, 2021, and battered on Apr. 11, 2021 are again too attenuated from the date of the 2016 RVR, and too remote from the date Plaintiff filed this complaint in October 2021 to demonstrate an ongoing threat of imminent danger. The law requires that there must be a nexus between the imminent danger that Plaintiff alleges and the claims he asserts in the complaint. Plaintiff's contention that he is afraid that the past assaults could happen again, without more, simply does not show imminent danger under § 1915(g), nor that, other than by conjecture, it is connected to an Apr. 2016 RVR.  Accordingly, Plaintiff's broad allegations of danger are insufficient to survive the dismissal of this action.

Therefore, the court finds that Plaintiff may not proceed *in forma pauperis* with this action and must submit the appropriate filing fee in order to proceed with this action.  Accordingly, Plaintiff's motion to proceed *in forma pauperis* should be denied, and he should be precluded from proceeding with this case until after he pays the $402.00 filing fee in full.

**IV.   CONCLUSION, ORDER, AND RECOMMENDATIONS**

Accordingly, the Clerk is **HEREBY ORDERED** to randomly assign a United States District Court Judge to this case;

and

Based on the foregoing, it is **HEREBY RECOMMENDED** that:

1. Plaintiff's motion to proceed *in forma pauperis*, filed on October 21, 2021, be denied under 28 U.S.C. § 1915(g);
2. Plaintiff be required to submit the $402.00 filing fee for this case in full within thirty days; and
3. This case be referred back to the Magistrate Judge for further proceedings.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** from the date of service of these findings and recommendations, Plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file

objections within the specified time may result in the waiver of rights on appeal.  <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

    Dated:     **October 24, 2021**                              **/s/ Gary S. Austin**
                                                                                 UNITED STATES MAGISTRATE JUDGE