UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO TRUJILLO CRUZ,<br><br>        Plaintiff,<br><br>  vs.<br><br>SAVOIE, et al.,<br><br>        Defendants. | **1:21-cv-01552-ADA-GSA-PC**<br><br>**FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS CASE BE DISMISSED, WITHOUT PREJUDICE, FOR FAILURE TO COMPLY WITH COURT'S ORDER**<br><br>**(ECF No. 21.)**<br><br>**OBJECTIONS DUE ON OR BEFORE <u>MAY 26, 2023</u>** |

      Plaintiff Guillermo Trujillo Cruz is a state prisoner proceeding *pro se* with this civil rights action pursuant to 42 U.S.C. § 1983.

      On March 3, 2023, the Court issued an order requiring Plaintiff to pay the $402.00 filing fee in full by April 14, 2023. (ECF No. 21.) To date, Plaintiff has not paid the filing fee, and the time for doing so has passed.

      In determining whether to dismiss this action for failure to comply with the directives set forth in its order, "the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the

public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal,'" id. (quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)), and here, the action has been pending since October 21, 2021.  Plaintiff's failure to respond to the Court's order may reflect Plaintiff's refusal or inability to pay the filing fee.  However, the Court cannot continue to expend its scarce resources assisting a litigant who will not comply with the Court's orders.  Thus, both the first and second factors weigh in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal."  Id. (citing Yourish at 991).  However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," id., and it is Plaintiff's failure to pay the filing fee for this case that is causing delay.  Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources.  Monetary sanctions in this circumstance are of little use, and given the early stage of these proceedings, the preclusion of evidence or witnesses is not available.  However, inasmuch as the dismissal being considered in this case is without prejudice, the Court is stopping short of issuing the harshest possible sanction of dismissal with prejudice.

Finally, because public policy favors disposition on the merits, this factor will always weigh against dismissal.  Id. at 643.

Accordingly, the Court **HEREBY RECOMMENDS** that this action be dismissed, without prejudice, based on Plaintiff's failure to obey the Court's order of March 3, 2023.  These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  **On or before May 26, 2023**, Plaintiff may file written objections with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that

failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

    Dated:  **May 6, 2023**                    **/s/ Gary S. Austin**
                                                      UNITED STATES MAGISTRATE JUDGE